OREN *v.* SECRETARY OF STATE.

1. PROHIBITION—MANDAMUS—SECRETARY OF STATE—ELECTIONS—PRIMARY NOMINATIONS.

   Not prohibition but mandamus is the proper remedy to require the secretary of State to reject and refuse to file nominating petitions of candidates for office for which an election cannot legally be held.

2. ELECTIONS—PRIMARY LAW—NOMINATIONS—STATUTES.

   No special election need be called, and the general election law governing primaries is applicable to the office of circuit judge which has become vacant after the spring election and 30 days or more prior to the regular November election; the governor having appointed a judge to fill the vacancy until a new one should be regularly elected: the provisions of section 16, Act No. 281, Pub. Acts 1909, as amended by Act No. 279, Pub. Acts 1911 (1 How. Stat. [2d Ed.] § 520 *et seq.*), governing special elections, apply only to such as are called to fill a vacancy, and primary petitions to nominate candidates for circuit judge are properly received and filed by the Secretary of State pursuant to the statute aforesaid.

Prohibition by Horace M. Owen against Frederick C. Martindale, secretary of State, to prevent respondent from receiving and filing nominating petitions for the office of

circuit judge of the eleventh judicial circuit. Submitted July 10, 1912. (Calendar No. 25,244.) Writ denied July 26, 1912.

*Warner & Sullivan*, for petitioner.

*Franz C. Kuhn*, Attorney General (*Thomas A. Lawler*, of counsel), for respondent.

MCALVAY, J. An application was made to this court by petitioner against respondent for an order to show cause why a writ of prohibition should not issue against respondent, secretary of State, directing him to desist and refrain from receiving and filing any nomination petitions of candidates for the office of judge of the circuit court for the eleventh judicial circuit of the State of Michigan, to be voted for at the November, 1912, election. The order was granted, and the matter is before the court by return made thereto by respondent.

A vacancy having occurred in said judicial circuit, it was filled by appointment of the petitioner by the governor. It is agreed that the term of the appointee expires with the November, 1912, election. Section 3604, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 201). It is also agreed that at such election a circuit judge for this circuit must be elected to fill the vacancy for the unexpired term which remains.

Petitioner contends that by the terms of the primary election law of this State, being Act No. 281 of the Public Acts of 1909, as amended by Act No. 279 of the Public Acts of 1911 (1 How. Stat. [2d Ed.] § 505 *et seq.*), no workable provision is made for the purpose of nominating candidates to fill the vacancy which will occur, and therefore such nominations must necessarily be made by delegates duly elected to conventions called by the respective political parties for that purpose; that he is a candidate for the Republican nomination as such circuit judge to succeed himself; and that there are other candidates for the same nomination. He alleges that there is a dispute

among these candidates as to whether the nominations must be made under the provisions of the primary law, as amended, or by a delegate convention; and he alleges that the title to such judicial office will be questioned, contests will arise, and litigation result, unless the questions involved can be settled and determined prior to such election.

The writ of prohibition is not the proper remedy; but, on account of the importance of the question and the public interest involved, we will consider the application as for a writ of mandamus. Briefs are filed with the court by attorneys for both parties, and also by the attorney general. The necessity therefore arises for a prompt consideration and determination of the case by the court.

The primary election act of 1909, as amended by the act of 1911, was the adoption and extension of the primary election idea to almost State-wide application. It does not include certain city offices. It includes circuit judges, as follows:

"Candidates for circuit judge shall be selected in accordance with the provisions of this act."

Section 16 of this law, as amended, provides for two general primary elections to be held in this State, as follows:

"A general primary election for all political parties shall be held in every election precinct in this State on the last Tuesday in August preceding every general November election. * * * A general primary election for all political parties shall also be held on the first Wednesday in March prior to the spring election, at which time the enrolled voters of each political party shall vote for candidates for county offices filled at the spring election; for candidates for circuit judge and for candidates for city offices, in cities in which the provisions of this act are applicable."

Sections 16 and 17 of this law, as amended, also provide that: At the August primary nominations shall be made for governor, lieutenant governor and United States

senator, * * * congressman, State senators, State representatives, county officers, and in certain cities city officers. Section 16 also provides a primary for special elections, as follows:

"Whenever a special election shall be called to fill any vacancy in any office, the candidates for which are regularly nominated in accordance with the provisions of this act, a special primary election for all political parties shall be held in the city, county or district in which such vacancy occurs, on the tenth day prior to the date of such special election."

By provision of the general law, the names of all candidates must be filed with the chairman of the board of election commissioners "twenty days prior to the election."

The point in issue is to harmonize the provisions relative to holding of the special primary election with the provision of the statute, above quoted, from the general law. This is based upon the theory that the election of a circuit judge in this instance is a special election, to be held under the primary election law, and which it would be impossible to reconcile with the provisions of the general law.

On the part of the petitioner, it is insisted that this nomination must be made under the convention system in this circuit, for the reason that this is a special election, and that no provision is made in the primary election law for the nomination of candidates for circuit judge where a vacancy occurs after the general April election. The other briefs in the case agree that this is a special election, but contend that the provisions relative to filing notices with the chairman of the board of election commissioners are directory and not mandatory, and that the provisions of the primary law can be complied with in all essentials. Neither party has overlooked the provisions of section 3604, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 201), which provides:

"When a vacancy shall occur in the office of judge of

171 MICH.—38.

the Supreme Court, of judge of a circuit court, regent of the university, or member of the State board of education thirty days or more before a general election, the secretary of State shall, at least twenty days before such election, cause a written notice to be sent to the sheriff of each of the counties within the election district in which such vacancy may occur, which notice shall state in which office the vacancy occurred, and that such vacancy will be supplied at the next general election."

They have, however, by reason of the views above expressed, which they take of this election, considered that its provisions have no application. It is evident, from the excerpt from section 16, above quoted, that the legislature intended its terms to apply "whenever a special election is *called* to fill any vacancy." Evidently, by the words selected in expressing their intent, the legislature confined the application of this portion of the section to special elections *called* to fill vacancies.

It is conceded in the instant case that a special election has not been called, and, in our opinion, no call for a special election was necessary to fill this vacancy. Section 3604, above quoted, provides for the only notice necessary to be given in cases of vacancies to be filled in the office of circuit judge. When such a vacancy occurs 30 days or more before a general election, no further provision is necessary, provided no special election to fill such vacancy has been called. See section 3596, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 193), *et seq.* In case a special election to elect a circuit judge to fill a vacancy was not called, no provision was required in the primary law on account of the provision of section 3604, *supra;* and the presumption is that the provisions of the primary election law (section 16) were enacted with reference to the provisions of section 3604, *supra.* Our determination is that the provisions of said section 16, relative to special elections, applied only to special elections which were *called* to fill any vacancy in any office, the candidates for which are regularly nominated in accordance with the provisions of the general primary law. This construction avoids any

ambiguity in the provisions of the primary law and gives force and effect to the clear legislative intent, expressed in the entire statute, and provides direct primary elections for the nomination of all officers included within its terms. Our conclusion is that this nomination is required by law to be made at the coming August, 1912, primary election, subject to the provisions and requirements of the law as to filing nomination petitions and all other details.

The petition is denied, without costs.

, MOORE, C. J., and STEERE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.    BLAIR, J., did not sit.